# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MERZIOTIS, an individual,<br><br>                              Plaintiff,<br>  vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., and DOES 1 through 20, inclusive,<br><br>                            Defendants. | CASE NO. 10cv0686-LAB (WVG)<br><br>**ORDER ON MOTION TO DISMISS** |

      Merziotis was injured in a fall while traveling in Greece and received emergency medical care, which he paid for out of his own pocket. When he submitted a claim for coverage to Kaiser, his health insurance provider, it refused to reimburse him. Merziotis then sued, alleging a breach of contract and breach of the implied covenant of good faith and fair dealing. Kaiser has moved to dismiss those claims on the ground they are preempted by ERISA. Merziotis doesn't have any substantive counter-argument to the contrary; he simply maintains that it's too early to say whether the plan at issue is governed by ERISA in the first place.

      At the outset, the Court takes no offense, as Merziotis does, at Kaiser's submission of various plan-related documents with its motion to dismiss. (*See* Opp'n Br. at 3.) In ruling on a motion to dismiss, the Court can consider documents incorporated by reference in a complaint. These are documents that "the plaintiff refers extensively to" in his complaint, or

that "form the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The "Group Agreement" between Merziotis Properties and Kaiser Foundation Health Plan, which identifies the plan at issue in this case as a *group* plan, clearly qualifies. (Webb Decl., Ex. A.) Merziotis doesn't even question the authenticity of it — or any other document attached to Kaiser's motion to dismiss, for that matter. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (approving consideration of basic plan documents for the purposes of a motion to dismiss on ERISA preemption grounds).

If Kaiser issued the plan at issue to Merziotis as an *individual*, the Court would expect Merziotis to just say so and offer some simple proof. If there is some other reason that the plan isn't governed by ERISA, the Court would expect to hear it. Instead, Merziotis faults Kaiser for not establishing the applicability of ERISA and argues that certain terms of the plan, and the parties' apparent intent, call its applicability into doubt. As Kaiser argues, however, Merziotis's focus is misplaced. ERISA applies "to any employee benefit plan if it is established or maintained by any employer engaged in commerce or in any industry affecting commerce." 29 U.S.C. § 1003(a). It is clear to the Court that the plan at issue in this case is governed by ERISA.

Does that mean, though, that Merziotis's tort claims are preempted? Yes, it does. ERISA "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The ERISA preemption clause is "one of the broadest . . . ever enacted by Congress." *San Francisco Culinary, Bartenders and Service Employees Welfare Fund v. Lucin*, 76 F.3d 295, 298 (9th Cir. 1996) (internal quotations omitted). *See also Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (ERISA "includes expansive pre-emption provisions"); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987) (ERISA "comprehensively regulates" employee benefit plans). District courts in this Circuit have certainly gotten the message. *See Hyder v. Kemper Nat'l Services*, 390 F.Supp.2d 915, 918 (N.D. Cal. 2005) ("Extensive case law establishes that the scope of ERISA preemption is extremely broad.").

Contrary to how Merziotis would have it, questions of preemption under ERISA are

routinely answered at the motion to dismiss phase. *See Wise v. Verizon Commc'n, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010); *Basiri v. Xerox Corp.*, 463 F.3d 927, 929 (9th Cir. 2006); *Advanced Salon Visions Inc. v. Lincoln Benefit Life Co.*, Case No. 08CV2346, 2010 WL 3341803 at *10 (S.D. Cal. 2010). For the purposes of applying the preemption provision in 29 U.S.C. § 1144(a), "[a] law 'relates' to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). A state law claim has "reference to" an ERISA plan if it is "premised on the existence" of one, or if the existence of the ERISA plan "is essential to the claim's survival." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004). A claim has a "connection with" an employee benefit plan, on the other hand, "if the state claim encroaches upon relationships regulated by ERISA, such as the relationship between plan and plan member, plan and employer, and plan and trustee." *Chasan v. The Garrett Group*, No. 06 CV 1090, 2007 WL 173927 at *7 (S.D. Cal. Jan. 18, 2007).

      Clearly, Merziotis's breach of contract and breach of the implied covenant of good faith and fair dealing claims have reference to the Kaiser plan. The plan is the very basis of these claims; to the extent Kaiser is liable, its liability is grounded entirely in its administration of the plan and the respective rights and duties of Kaiser and Merziotis under the plan. This is a recipe for preemption. *Davila*, 542 U.S. at 213. Not only does ERISA contain a statute allowing for a plan participant "to recover benefits due to him under the terms of his plan," 29 U.S.C. § 1132(a), but it is precisely claims like those Merziotis brings that have been found to be preempted by ERISA. *See, e.g.*, *Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005) (affirming dismissal of state law claims for denial of coverage for emergency medical care).

//
//
//
//

      The Court finds that Merziotis's tort claims against Kaiser are preempted by ERISA.

1 | This is manifestly an ERISA case, and, accordingly, Merziotis may proceed with his claim
2 | for relief under 29 U.S.C. § 1132.  Kaiser's motion to dismiss is therefore **GRANTED.**

    **IT IS SO ORDERED**.

DATED: November 22, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge