# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MERZIOTIS, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10cv0686-LAB (WVG)<br><br>**ORDER ON PARTIAL SUMMARY JUDGMENT** |

　　　This is an ERISA case involving Kaiser's refusal to reimburse Merziotis for emergency medical expenses he incurred while traveling abroad. Now before the Court is Merziotis's motion for partial summary judgment on the appropriate standard of review of that refusal. The Court rules on the motion with some hesitation. There is no pending dispositive motion in this case, and what Merziotis wants, in essence, is an advisory opinion on how the Court will ultimately rule on such a motion.

　　　Kaiser argues that the appropriate standard of review is abuse of discretion because the plan document gives the health plan administrator, Kaiser Foundation Health Plan, discretion to review claims and determine whether a member is entitled to benefits. Merziotis argues that if abuse of discretion is in fact the correct standard, then the Court must be cautious in its review of the denial because Kaiser has a conflict of interest: it is both the funding source of the plan and the plan administrator. Merziotis also argues that the

Court may consider evidence beyond the administrative record to determine the degree of Kaiser's conflict.

Typically, the Court reviews the denial of ERISA benefits de novo. *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 673 (9th Cir. 2011). In order to shift the standard of review to the more lenient "abuse of discretion" standard, the plan must "unambiguously provide *discretion* to the administrator." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (emphasis added). Discretion allows the administrator to determine who is eligible for benefits or otherwise construe the terms of the plan. *Id.* at 963. In this case, the language of the plan states:

> Health Plan is a named fiduciary to review claims under this Agreement. Group delegates to Health Plan the discretion to determine whether a Member is entitled to benefits under this Agreement. In making these determinations, Health Plan has discretionary authority to review claims in accord with the procedures contained in this Agreement and to construe this Agreement to determine whether the Member is entitled to benefits.

This language clearly shows that discretion lies with the plan administrator.

The Ninth Circuit has also held, however, that a "conflict of interest" exists where the "insurer acts as both funding source and administrator." *Salomaa*, 642 F.3d at 674; *see also Abatie,* 458 F.3d at 965 n.5 (interpreting *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989) to hold that a conflict exists when a plan administrator is also the sole source of funding). The court in *Abatie* called this type of situation a "structural conflict of interest." 458 F.3d at 965. Where a conflict exists, it must be "weighed as a factor in determining whether there is an abuse of discretion," *id.*, and the significance of that factor will depend on the circumstances of the particular case. *See Salomaa*, 642 F.3d at 674*.* Specifically, abuse of discretion review should be informed by the "nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie*, 458 F.3d at 967.

Further, a court applies "different levels of skepticism on account of conflicts of interest, depending on various factors such as inconsistent reasons for denial or evidence

of malice." *Salomaa*, 642 F.3d at 674. When reviewing a denial of benefits under a conflict of interest, a court "must determine the extent to which the conflict influenced the administrator's decision and discount to that extent the deference [it] accord[s] the administrator's decision." *Id*. (citing *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008)). A district court must decide in each case how much weight to give the plan administrator's reasons for denying coverage. An "egregious conflict" may be given more weight, and therefore an abuse of discretion more readily found, than a "minor, technical conflict . . . ." *Abatie*, 458 F.3d at 968. The level of skepticism a court gives to a conflict of interest may be low if the conflict of interest is unaccompanied, for example, "by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history." *Id.* On the other hand, a conflict may be weighed more heavily if, for example, the administrator "provides inconsistent reasons for denial; fails adequately to investigate a claim or ask the plaintiff for necessary evidence; fails to credit a claimant's reliable evidence; or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record." *Id.* (citations omitted).

Under closer scrutiny, a conflicted administrator "may find it advisable to bring forth affirmative evidence" showing that its decision making process was not influenced by any conflict. *Id.* at 969 The Ninth Circuit has noted that this could be helpful in determining whether the plan administrator abused its discretion or not. *Id.* For example, "the administrator might demonstrate that it used truly independent medical examiners or a neutral, independent review process; that its employees do not have incentives to deny claims; that its interpretations of the plan have been consistent among patients; or that it has minimized any potential financial gain through structure of its business (for example, through a retroactive payment system)." *Id.* at 969, n.7.

In determining how skeptical to be where a conflict of interest is present, affording various weight to the factors mentioned, the Ninth Circuit has admitted that this skepticism standard is "a hard standard to apply." *Salomaa*, 642 F.3d at 675. The Supreme Court has emphasized that a court's task in weighing of a conflict "does not consist of a detailed set of

1 | instructions . . . ." *Salomaa*, 674– 5 (quoting *Metropolitan Life Insurance Co. v. Glenn*, 554
2 | U.S. 105, 119 (2008)). The Supreme Court further refined this standard in *Conkright v.*
3 | *Frommert*, 130 S.Ct. 1640 (2010), holding that "a deferential standard of review remains
4 | appropriate even in the face of a conflict." *Id.* at 1646. It also noted, however, that "[a]pplying
5 | a deferential standard of review does not mean that the plan administrator will prevail on the
6 | merits." *Id.* at 1651. "Deference" is not a "talismanic word [ ] that can avoid the process of
7 | judgment." *Salomaa*, 642 F.3d at 675 (citation omitted). What deference means is that the
8 | plan administrator's interpretation of the plan "will not be disturbed if reasonable.'" *Conkright*,
9 | 130 S.Ct at 1651 (quoting *Firestone*, 489 U.S., at 111) (internal quotation marks
10 | omitted).Therefore, the court will judge the reasonableness of Kaiser Foundation Health
11 | Plan's denial in light of a conflict of interest, and under the particular circumstances of this
12 | case.
13 |       The court now turns to defining the abuse of discretion standard. The test for abuse
14 | of discretion is whether a court is left with a "definite and firm conviction that a mistake has
15 | been committed," and a court cannot simply substitute its view for that of the fact finder.
16 | *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). To do this, the
17 | court considers whether the application of a correct legal standard was "(1) illogical, (2)
18 | implausible, or (3) without support in inferences that may be drawn from the facts in the
19 | record."  The Ninth Circuit has held that this "standard makes sense in the ERISA
20 | context . . . ." *Salomaa*, 642 F.3d at 675–76.
21 |       Plaintiff argues that it should have the opportunity to conduct discovery into matters
22 | outside the administrative record and to offer extrinsic evidence at the time of trial. The issue
23 | of discovery is not currently before the Court, but Plaintiff's argument makes reference to a
24 | court's consideration of the record. Under the abuse of discretion standard, review is limited
25 | to the record before the plan administrator. *Abatie*, 458 F.3d at 970. However, consideration
26 | of evidence outside of the administrative record is permitted in order to determine how much
27 | weight to give a conflict of interest. Therefore, a district court may consider evidence outside
28 | the administrative record "to decide the nature, extent, and effect on the decision-making

process of any conflict of interest." *Id.* This is the extent of a court's ability to consider evidence outside of the record, and once a conflict has been established by outside evidence or otherwise, the decision on the merits must rest on the administrative record itself. *Id.*

The language in the plan shows that discretion to determine eligibility for benefits lies with the plan administrator in this case.  The abuse of discretion standard is therefore the appropriate standard here, and will be applied in a manner consistent with the law surveyed in this opinion.  Plaintiff's motion for partial summary judgment is therefore **GRANTED**.

**IT IS SO ORDERED**.

DATED: 10-4-11

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge